D.C. No. 1:22-cv-00427-JAO-KJM

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

————

In Re:  PANIOLO CABLE COMPANY, LLC,

Debtor.

WAIMANA ENTERPRISES INC.,

Appellant,

v.

HAWAIIAN TELCOM, INC., et al.,

Appellees.

————

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

NO. HI-22-01176

HON. ROBERT J. FARIS

————

**APPELLANT'S REPLY BRIEF**

WILLIAM MEHEULA          2277
MEHEULA LAW, LLLC
Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Telephone No.:  (808) 599-9554
Email:  bill@meheulalaw.com

Attorney for Appellant
WAIMANA ENTERPRISES INC

**TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................2

II.     THE CHRONOLOGY OF FILINGS REFUTES HTI'S ARGUMENTS .......2

III.    ANY FAILURE TO REQUEST AN EVIDENTIARY HEARING DOES

NOT VALIDATE THE FINAL RELIEF ORDER ..................................................11

IV.     CONCLUSION .............................................................................12

CERTIFICATE OF COMPLIANCE.......................................................................13

CERTIFICATE OF SERVICE ................................................................................14

**TABLE OF AUTHORITIES**

**Cases**

*In re Audre Inc.*, 59 F. App'x 925, 926–27 (9th Cir. 2003) .............................. 11, 12

i

D.C. No. 1:22-cv-00427-JAO-KJM

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:                                      BAP Case No. HI-22-01176 (RJF)


PANIOLO CABLE COMPANY, LLC,


Debtor.

_____


WAIMANA ENTERPRISES INC.,


Appellant,


vs.


HAWAIIAN TELCOM, INC.;
DEPARTMENT OF HAWAIIAN
HOME LANDS, STATE OF
HAWAI'I; TRUSTEE MICHAEL
KATZENSTEIN,


Appellees.

_____

## REPLY BRIEF OF APPELLANT

### I.   INTRODUCTION

HTI's Opposition Brief ("**Opposition**") to Waimana Enterprises Inc.'s

("**Waimana**") Opening Brief avoids addressing whether 9019 Settlement

Agreement and MRA ("**MRA**") are inconsistent with Sections F and G of the Final

Relief Order and the Final Relief Order is therefore not supported by the record

and should be remanded for further proceedings.[1]

### II.   THE CHRONOLOGY OF FILINGS REFUTES HTI'S ARGUMENTS

The pertinent court filings are:

On 3/16/20, the Marshal Sale Order approved the execution sale to the

Trustee from the auction on 3/6/20.  #19-90022, Dkt # 65.

On 6/4/20, the Order approving the MRA, effective as of 3/6/20, wherein the

Trustee and SIC Parties agreed not to oppose the Marshal Sale or the 363 Sale.

The Trustee also acknowledged that SIC would retain License 372 - "DHHL

License will not be assigned by SIC to Paniolo" ("**MRA Acknowledgement**").

Dkt # 271.

On 11/30/20, the Trustee filed a motion to approve the sale of SIC's A-2 to

the Trustee subject to the Court-approved MRA.  Dkt # 313-1 at 6.

---

[1] Waimana also joins in SIC's Brief in Case No. 22-0036.

On 12/16/20, DHHL filed a memorandum concerning the motion to approve sale that did not object to the sale but submitted that the "Buyer will need to acquire a new license for the use of Hawaiian Home Lands upon which certain A-2 Assets are located."  Dkt # 341 at 4-5.[2]

On 12/28/20, the 363 Sale Order referenced the MRA and the Order was in part based on the MRA including:

> iv.    In connection with the Settlement Agreement, Debtor and SIC entered into that certain Master Relationship Agreement and its Schedules[3] and Exhibits, as of March 6, 2020, the (collectively, the "MRA"), pursuant to which the Debtor and SIC rearranged their business affairs among themselves.

> 39.    All persons or entities that are currently in possession of some or all of the Transferred Assets in contravention of the US Marshal Sale, the Settlement Agreement or MRA, including for the avoidance of doubt, SIC and SIC's Affiliates or any person or entity claiming by or through SIC or SIC's Affiliates, are hereby directed to surrender possession of the Transferred Assets except as Debtor and Buyer may otherwise agree.

Dkt # 366 at 2-3.  The MRA (9019 Settlement Agreement) provided: "The SIC Parties expressly agree and covenant to provide all access to the Transferred Assets and Equipment".  Dkt # 271 at 6.

---

[2] At that time, DHHL took the position that License 372 was in default.  Dkt # 341 at 2.  However, on January 6, 2021, DHHL Chairman wrote to Waimana: "The License remains valid. DHHL informed the Court that any purchaser of the assets would require a license from DHHL." #22-90008 Dkt # 13.

[3] This includes MRA Schedule 2, where the Trustee "acknowledged that DHHL License will not be assigned by SIC to Paniolo".

On 8/19/21, DHHL's memorandum again stated that HTI will "need to enter into a new license for use of Hawaiian Home Lands upon which certain of the Paniolo Asserts were located" and until then will only provide HTI a Limited Right of Entry attached thereto.  Dkt # 432.

On 8/31/21, the HTI asset purchase agreement closed.  Dkt # 440.

On 10/18/21, SIC's opposition to Motion to Enforce argued that pursuant to the MRA Acknowledgement, **"SIC did not transfer the license but did give Paniolo the right to use it".**  Dkt # 480 at 7 and fn1.  **SIC also requested an evidentiary hearing**.  Dkt # 480 at 4.

On 11/19/21, the Motion to Enforce Order stated: **"I cannot determine on the existing record whether Hawaiian Telcom has the exclusive right to occupy the premises in which SIC's property is located."**  Dkt # 537 at 10.

On 2/22/22, the Judgment in AP 21-90017 denied SIC's claim to enforce the MRA against the Trustee and HTI based on SIC's breach of SIC Lease and HTI did not assume the MRA.  *However, the Judgment did not grant the Trustee any right to License 372 or revoke the MRA Acknowledgement.*  #21-90017 Dkt # 63.

On 3/18/22, Waimana and SIC filed a Complaint against HTI in State Court alleging that the Trustee never acquired License 372 based in part on the MRA Acknowledgement.  #22-90008 Dkt # 1.

4

On 3/29/22, new counsel for HTI transitioned the Motion to Enforce to the

Motion for Relief that stated that the Court determined in 21-90017 that SIC was in

default on the MRA and terminated the SIC Lease.  Dkt 637-1 at 18-19.

On 4/4/21, HTI filed a Notice of Removal of the State Court action.  #22-

90008 Dkt # 1.

On 4/11/22, SIC's opposition to the Motion for Relief <u>again</u> argued the

MRA Acknowledgement, "Trustee confirmed he hadn't executed on License 372

by entering the MRA saying that SIC (in exchange for consideration) granted the

Trustee the right to use License 372".  Dkt # 668 at 24.

On 4/11/22, HTI filed its motion to dismiss the First Circuit Complaint.

#22-90008 Dkt # 6.

On 4/14/22, HTI's reply to Motion for Relief argued:

> HTI's Access and Easement Rights do not derive from any agreement the
> Trustee may have entered into with the SIC Parties, but rather derive from
> the Trustee's acquisition, through the Marshal Sale, of "SIC's interest in
> License Agreement No. 372" and "SIC's interest in . . . [all] easements . . .
> license agreements . . . rights of way" and other related entitlements, all of
> which were subsequently transferred to HTI through the 363 Sale.

Dkt # 680 at 7.  *At this stage, after the Motion to Enforce order stated that the*

*Court needs a better record on the effect of MRA, HTI continued to rely on the*

*Marshal Sale Order and the 363 Sale Order even though both are affected by the*

*Court-approved MRA.*

5

On 5/2/22, SIC's opposition to the Final Relief Motion <u>again</u> argued the MRA Acknowledgement.  Dkt # 713 at 14 and 35.

On 5/9/22, HTI's reply to Final Relief Motion argued: "SIC also appears to raise for the first time an alternative argument, which suggests that the Trustee and SIC had, by contract, modified the language of Schedule A.2 to exclude SIC's portion of the 372 License from being transferred under the Marshal Sale."  Dkt # 721.  *Lawyers sometimes reframe an opponent's argument to make for a better target.  Here, it does not matter because the MRA Acknowledgement was Court-approved after the Marshal Sale Order and before the 363 Sale Order that referenced and relied on it.*

On 5/16/22, at the Final Relief hearing, HTI's counsel argued: "If it was very important to condition the relief under the marshal sale order pursuant to compliance with some separate contractual agreement, the parties could have and should have requested that language in the order."  Dkt # 739.  *That was accomplished in the 6/4/20 Order approving the MRA.*

On 5/17/22, the Court entered the Final Relief Order.  Dkt # 729.

On 5/24/22, Waimana's motion for reconsideration of the Final Relief Order argued regarding Section F:

> The effect of the Entitlement section of the MRA on the Trustee's levied title to SIC's interest in License 372 and, whether and if so how, the Trustee's acknowledgement is affected by the Court's approval of the MRA and then HTI's decision not to assume it, **at a minimum** <u>involve questions</u>

<u>of fact</u> and a State Court determination on the scope of and rights under License 372.

Emphasis added.  And regarding Section G, Waimana argued:

> Furthermore, HTI cannot enforce SIC Affiliates' commitments in the Rule 9019 Settlement Agreement to provide access to the Transferred Assets and Equipment because said commitments were made in reliance on the Trustee entering into the MRA and committing that the assignor would be bound by the MRA, which did not happen.  Again, <u>**at minimum** a trial is necessary to determine whether SIC Affiliates are bound by commitments made in the settlement agreement that HTI did not assume.</u>

Dkt #740 at 4-5, emphasis added.  *The words "at minimum" meant, the MRA Acknowledge bars the Final Relief Order without evidence that it somehow no longer applies.*

On 5/27/22, Waimana filed the First Amended Complaint against HTI ("**FAC**") that in part relied on the MRA Acknowledgement.  #22-90008 Dkt # 28 at ¶¶ 28-31.

On 6/10/22, HTI's Motion to Dismiss FAC relied on Final Relief Order, 363 Sale Order and Marshal Order but did not provide an explanation on how this position squares with the MRA Acknowledgement.  HTI also presented an unreasonable interpretation of License 372.  #22-90008 Dkt # 35 at 7-11 and 16-18.

On 7/1/22, Waimana filed its opposition to the Motion to Dismiss FAC that fairly interpreted License 372 and <u>again</u> pointed out that the motion ignored the MRA Acknowledgement.  #22-90008 Dkt # 40 at 2-8 and 8-10.

On 7/8/22, HTI's reply to the Motion to Dismiss, again did not explain the effect of the MRA Acknowledgement and instead repeated that HTI's access "were obtained through Sales, and not from a contractual agreement". #22-90008 Dkt # 47 at 14.

On 7/14/22, the Court combined the hearings on the Reconsideration, Dismissal and Remand motions, and provided a tentative ruling denying reconsideration stating that in "the Order Granting Final Relief in Connection with Motion by Hawaiian Telcom, Inc. Enforcing the Sale Order (ECF 729 in the main case), I have already interpreted and enforced the applicable provisions of the relevant orders" and the Court will not relitigate them, and the FAC is barred by issue preclusion. #22-90008 Dkt # 51.

At the 8/1/22 hearing, the Court first heard and denied reconsideration on the grounds that **"all these arguments were made or could have been made, and I did consider them all, in connection with the final order on enforcement."** Dkt # 778. Based on this ruling, the Court then granted dismissal and denied remand.

Section B of the Opposition is entitled: "The Bankruptcy Court had ample evidence in the record to issue the Final Enforcement Order without an evidentiary hearing." However, the section presents no evidence to support the Final Relief Order other than the Court presided over many Paniolo proceedings at 12. HTI

focuses on Waimana needing an evidentiary hearing at 13 but did not point to any

evidence that makes the MRA Acknowledgement inapplicable.

The Opposition at 17-18 argues that SIC Parties were not precluded from

appealing the 363 Sale Order. As noted above, the 363 Sale Order referenced the

MRA and was based in part on the MRA, wherein SIC Parties agreed it would not

appeal the Marshal Sale Order or 363 Sale Order. The Opposition irrationally

responds:

> Even if it was bound by such an agreement, however, it is unclear why that
> should excuse Waimana from having to file a timely appeal. It was their
> own choice to waive any appellate rights, and its decision to do so does not
> allow it to collaterally attack the Bankruptcy Court's prior orders through
> subsequent litigation.

It is only unclear if one: (a) ignores the Court-approved MRA Acknowledgment

that was recognized and relied upon in the 363 Sale Order; (b) ignores that HTI

had not expressed that it intended to not assume the MRA, which stated: "Any

purchaser or assignee approved by the Court shall be bound by the terms of the

Master Relationship Agreement"; and (c) regardless of whether the MRA was

subsequently not assumed or terminated for cause, the MRA Acknowledgment

does not go away. HTI apparently has no answer to (a) or (c).

The Opposition argument at 20 argued that any inconsistency between the

Marshal Sale Order and the MRA should have been raised at the 363 Sale Motion.

But the MRA was approved *after* the Marshal Sale.

The Opposition at 21 argues:

Section 13 provides that no assignment of License 372 can be effected
without the prior consent of the licensor – namely, the DHHL. There is no
evidence in the record at all, however, that the DHHL did not consent to the
transfer of SIC's interest in License 372 to the Trustee through the Marshal
Sale, or to the subsequent transfer of that interest to HTI.

Not so, DHHL's 6/4/20 and 8/19/21 memoranda (Dkt # 341 and 432) and 1/6/21

email (#22-90008 Dkt # 28) stated that HTI will need to enter into a new license.

If DHHL assigned License 372 to HTI, that would be inconsistent with DHHL's

filed position statements and HTI would have produced it as evidence that

Waimana no longer is the licensee under License 372.

*In summary, based on the record, the Court erred in issuing the Final Relief*

*Order and the Reconsideration Order because SIC set forth the MRA*

*Acknowledgment argument in opposition to Motion to Enforce (Dkt # 480) and the*

*Court properly determined that it did not have a sufficient record to resolve the*

*effect of the MRA (Dkt # 537). Thereafter, the record was not materially*

*supplemented in this regard, yet the Court granted the Final Relief Order based on*

*SIC and Waimana's failure to appeal the 363 Sale Order (Dkt # 729). However,*

*the 363 Sale Order referenced and relied on the MRA (Dkt # 366) and at that time*

*HTI had not yet expressed its decision not to assume the MRA thus there was no*

*reason to appeal the order. Regardless, non-assumption or termination of the*

*MRA, does not nullify the MRA Acknowledgment, which the Final Relief Order*

*violated by ruling that through the Marshal Sale and the 363 Sale HTA had*

*properly acquired SIC's 372 License rights pertaining to the Paniolo Network.*

## III. ANY FAILURE TO REQUEST AN EVIDENTIARY HEARING DOES NOT VALIDATE THE FINAL RELIEF ORDER

Because the Court, based on the record, had no valid justification to disregard the MRA Acknowledgment, any failure to formally request an evidentiary hearing or discovery is not fatal to the appeal because HTI had the burden of proof on the Motion to Enforce and the Motion for Relief and the record does not justify the Final Relief Order.

*In re Audre Inc.*, 59 F. App'x 925, 926–27 (9th Cir. 2003) does not apply because in that case the Court had sufficient record to support its order without the need for an evidentiary hearing.

> The bankruptcy court did not abuse its discretion in treating Lundell's claim as an administrative expense, nor did it abuse its discretion in not holding an additional evidentiary hearing to determine the value of Lundell's services to the estate. Lundell provided inherent benefit to the company by running the day-to-day operations; in addition, <u>he supplied extensive evidence of his efforts and accomplishments during his tenure as CEO. Appellants never disputed Lundell's declarations, nor did they offer any evidence to the contrary.</u>

*Id.* at 927. Here, the Court-approved MRA made it unreasonable to solely rely on the Marshal Sale Order and the 363 Order without an explanation or evidence that the MRA Acknowledgement is no longer applicable. In fact, HTI needed discovery and an evidentiary hearing to try to prove that the MRA is inapplicable.

11

Alternatively, the Motion to Enforce and the Motion for Relief played out like an extended summary judgment motion, and in March 2022, Waimana filed a state complaint that never got past the removal and motion to dismiss stage.  Thus, denying remand on the grounds that SIC or Waimana did not earlier request an evidentiary hearing is factually and procedurally improper.

## IV.    CONCLUSION

Sections F and G of the Final Relief Order should be invalidated as they are not supported by the record and this matter should be remanded for further proceedings.

Date:  Honolulu, Hawaii, May 24, 2023.

/s/ *William Meheula*
WILLIAM MEHEULA

Attorney for Appellant
WAIMANA ENTERPRISES INC.

12

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒ this brief contains <u>2,572</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* Microsoft Word in 14-point Times New Roman, or

☐ this document has been prepared in a monospaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)*.

<u>/s/ William Meheula</u>                Date:  <u>May 24</u>, 2023.

## CERTIFICATE OF SERVICE

### D.C. No. 1:22-cv-00427-JAO-KJM

### IN THE UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants:

**Description of Document(s):**

Reply Brief in HI-22-01176

/s/ *William Meheula*          Date:  May 24, 2023.

14